NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY LEE PETERSON, AKA Jeremy
L. Peterson,

Defendant - Appellant.

No. 25-1090

D.C. No.
6:22-cr-00097-MC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted February 5, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Defendant-Appellant Jeremy Lee Peterson appeals the district court's order

of restitution imposed after he pleaded guilty to one count of production of child

pornography in violation of 18 U.S.C. § 2251(a) and (e) and was sentenced to a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

360-month term of imprisonment. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the district court's restitution order in the amount of $105,923.

We review de novo "[t]he legality of a restitution order." *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020). The Mandatory Restitution for Sexual Exploitation of Children Act required the district court to order restitution to the minor victim in the full amount of his losses. 18 U.S.C. § 2259(b)(4)(A). "If the order is within statutory bounds, then the restitution calculation is reviewed for abuse of discretion, with any underlying factual findings reviewed for clear error." *Gagarin*, 950 F.3d at 607 (citation modified).

1. The district court did not abuse its discretion in concluding that Peterson proximately caused the minor victim's losses. "Restitution is . . . proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 572 U.S. 434, 448 (2014). "[B]ut-for causation" between the defendant's offense and the victim's losses can "be shown with ease in many cases involving producers of child pornography." *Id.* at 450 (citing 18 U.S.C. § 2251(a) and recognizing that a showing of but-for causation satisfies § 2259's factual causation requirement). The district court reasonably concluded that the minor victim experienced a number of life changes and mental

health issues as the result of Peterson's crimes against him. Thus, the district court did not abuse its discretion in finding that the costs of therapy and related expenses to address the minor victim's mental health needs were proximately caused by Peterson's crimes against the minor victim.

2. The district court did not abuse its discretion in concluding that the government established the minor victim's losses to a reasonable certainty. The government bears "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e); *see also id.* § 2259(b)(3). Crafting a restitution order "involves discretion and estimation," *Paroline*, 572 U.S. at 462, and "precision is neither expected nor required," *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015). But a restitution award under § 2259 will be improper if the district court engages in "arbitrary calculations" to determine the amount of the victim's losses. *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011). The district court did not abuse its broad discretion in relying on a 20-year estimate of care based on costs of medication, costs of counselling, and a counselling treatment plan to bring the minor victim into adulthood. *See United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999) ("Congress was well aware that children victimized by sexual abuse often do not recover quickly from their injuries.").

**AFFIRMED.**